**In re Kenneth G. HELLER and Nancy L. Heller, Debtors.**

**Bankruptcy No. 82–05943 T.**

United States Bankruptcy Court,
E.D. Pennsylvania.

Sept. 10, 1984.

---

Michael Mayro, Reading, Pa., for debtors.

Mark G. Yoder, Reading, Pa., for American Bank.

## MEMORANDUM OPINION

THOMAS M. TWARDOWSKI, Bankruptcy Judge.

In this Chapter 7 case, the husband and wife debtors have filed, pursuant to § 522(f)(1) of the Bankruptcy Code, 11 U.S.C. § 522(f)(1), an application to avoid the judicial lien of the American Bank and Trust Co. of Pa. ("American Bank"). American Bank opposes the application. For the reasons hereinafter given, we shall deny the application.[1]

The judicial lien in question stems from a judgment entered by American Bank against the debtors on February 13, 1980 in the Court of Common Pleas of Schuylkill County, Pennsylvania. The recording of said judgment created a lien on all real property of the debtors located in Schuylkill County. 42 Pa.Cons.Stat.Ann. § 4303 (Purdon 1983). The debtors' resident real property in question is located in Schuylkill County. As of the date of the hearing, the amount due on the judicial lien was $3,159.56. American Bank also holds a mortgage against the real property, upon which the debtors owed $22,032.88 as of the hearing date. There are no other liens against the property.

The debtors claim an exemption of $4,000.00 in the real property.

The debtors' appraiser valued the real property at $36,000.00. American Bank's appraiser valued the real property at $41,-900.00.

Based upon the foregoing evidence, the debtors' lien avoidance application must be denied, even assuming *arguendo* that we accept the $36,000.00 valuation of the debtors' appraiser. The mortgage and judicial lien constitute a combined encumbrance of only $25,192.94. Under these facts, the debtors' claimed exemption of $4,000.00 is simply not impaired by the judicial lien, and the lien avoidance application must, therefore, be denied.

---

1. This Memorandum Opinion constitutes the findings of fact and conclusions of law required by Rule 7052 of the Bankruptcy Rules.